# FILED

AUG 2 1 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DI

06cv4529
JUDGE SHADUR
MAGISTRATE JUDGE NOLAN

JURY DEMANDED

**DEBORA WHITFIELD,** Administrator
of the Estate of **DONTA THOMAS,**
Deceased,

        Plaintiff,

  -vs-

**OFFICE OF THE LAKE COUNTY
SHERIFF,** Gary Del Re, Individually and
as an agent or employee of the **OFFICE
OF THE LAKE COUNTY SHERIFF,**

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

Case No.

## COMPLAINT AT LAW

NOW COMES Plaintiff, **DEBORA WHITFIELD,** Administrator of the

Estate of **DONTA THOMAS**, Deceased, and complaining of Defendant states as

follows:

### I. Jurisdication and Venue

1. This action is brought, pursuant to 42 U.S.C. § 1983, for deprivation of

Plaintiff's constitutional civil rights. Jurisdiction is appropriate under 28 U.S.C. §

1331 and 1343. The state law claims (negligence) are properly before this Court via supplemental jurisdiction under 28 U.S.C. § 1367.

2. The claims asserted herein arose in the area encompassed by the United States District Court for the Northern District of Illinois, and venue is therefore proper under 28 U.S.C. § 1391(b).

## Count I

1. From approximately April 15, 2005, until and including August 21, 2005, and at all times material, the defendant the Office of the Sheriff of Lake County owned, operated and maintained the Lake County jail for purposes of housing inmates and pretrial detainees, and, as such, was acting under color of State Law.

2. From approximately April 15, 2005, until and including August 21, 2005, Plaintiff's decedent Donta Thomas was a pretrial detainee in the care, custody and control of the Sheriff of Lake County.

3. From approximately April 15, 2005, until and including August 21, 2005, the defendant Office of the Sheriff of Lake County, by and through its agents and employees, committed one or more of the following acts of utter indifference or conscious disregard:

2

a) failed to monitor Donta Thomas sufficiently so that he would not do harm to himself;

 b) allowed to exist or failed to correct or remedy a known hazard and means of suicide in that it failed to correct and remove the holes under the shelves in detainee's cells, despite knowing, through the deaths of numerous pretrial detainees prior to August 21, 2005, that this was an area that could accommodate and sustain a cloth or sheet to cause death by hanging;

c) had a policy in effect to house inmates or detainees in physically and visually isolated cells which would make it difficult or impossible to monitor them in the event they attempt to harm themselves.

4. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, Plaintiff's decedent, Donta Thomas, was deprived of rights, privileges and immunities guaranteed to him by the Eighth and Fourteenth Amendments to the United States Constitution, in that, specifically, Plaintiff alleges on information and belief, Donta Thomas hung himself in his jail cell on August 21, 2005.

5. Plaintiff's decedent, Donta Thomas, leaves behind his mother, Debora Whitfield, and a daughter, Kensha, aged 12.

6. Plaintiff is the duly appointed administrator of the estate of Donta Thomas, deceased, and brings this action pursuant to 42 U.S.C. § 1983, for the benefit of his heirs and/or any other person entitled to claim damages under state or federal law.

3

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant **Office of the Lake County Sheriff** for an amount in excess of $100,000.00, plus punitive damages in an amount to be set by the jury, costs, and attorneys' fees, and for all other legal and equitable remedies available under state and federal law.

### Count II
### Negligence:  State Law Wrongful Death

1. From approximately April 15, 2005, until and including August 21, 2005, and at all times material, the defendant the Office of the Sheriff of Lake County owned, operated and maintained the Lake County jail for purposes of housing inmates and pretrial detainees, and, as such, was acting under color of State Law.

2. From approximately April 15, 2005, until and including August 21, 2005, Plaintiff's decedent Donta Thomas was a pretrial detainee in the care, custody and control of the Sheriff of Lake County.

3. From approximately April 15, 2005, until and including August 21, 2005, the defendant Office of the Sheriff of Lake County, by and through its agents and employees, committed one or more of the following acts of negligence:

4

a) failed to monitor Donta Thomas sufficiently so that he would not do harm to himself;

b) allowed to exist or failed to correct or remedy a known hazard and means of suicide in that it failed to correct and remove the holes under the shelves in detainee's cells, despite knowing, through the deaths of numerous pretrial detainees prior to August 21, 2005, that this was an area that could accommodate and sustain a cloth or sheet to cause death by hanging;

c) had a policy in effect to house inmates or detainees in physically and visually isolated cells which would make it difficult or impossible to monitor them in the event they attempt to harm themselves.

4. The foregoing negligent acts of Defendants increased the likelihood of and/or directly contributed to and resulted in Plaintiff's decedent, Donta Thomas, hanging himself in his jail cell on August 21, 2005.

5. Plaintiff's decedent, Donta Thomas, leaves behind his mother, Debora Whitfield, and a daughter, Kensha, aged 12.

6. Plaintiff is the duly appointed administrator of the estate of Donta Thomas, deceased, and brings this action, for the benefit of his heirs and/or any other person entitled to claim damages under state or federal law.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant **Office of the Lake County Sheriff** for an amount in excess of $100,000.00, plus punitive damages in an amount to be

set by the jury, costs, and attorneys' fees, and for all other legal and equitable

remedies available under state and federal law.

Respectfully submitted,

Agnes Grossman

Agnes Grossman
**Law Offices of Richard D. Grossman**
77 West Wacker Drive
Suite 3100
Chicago, IL  60601
(312) 750-9308

6